(100 So. 618)

ALLEN v. STATE.    (5 Div. 504.)

(Court of Appeals of Alabama.    June 10, 1924.)

Criminal law ⬤⇒829(9, 18)—Refusal of requested instructions on burden of proof and reasonable doubt covered by instructions given by court not error.

Under Code 1907, § 6264, and Supreme Court rule 45, where the court in its oral and written charges correctly defined reasonable doubt and burden of proof, refusal of the accused's requested instructions thereon, although correct, was not error.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Louis Allen, alias, etc., was convicted of violating the prohibition law, and appeals. Affirmed.

Barnes & Walker, of Opelika, for appellant.

Counsel argue for error in the refusal of the several charges requested by defendant, but in view of the decision it is not necessary that the brief be here set out.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.    The evidence in this case is in conflict—that for the state being sufficient to establish the corpus delicti and to convict the defendant; that for the defendant tending to establish an alibi. The rulings complained of consist in the court's refusal to give certain written charges requested in writing by the defendant. These refused charges all relate either to definitions of a reasonable doubt or to the burden of proof. The court in its oral charge clearly, fully, and at length correctly defined and explained both of these propositions, and at the request of the defendant in writing gave to the jury nine separate instructions defining a reasonable doubt. Under the oral charge of the court and the given charges requested by defendant, every phase of "a reasonable doubt" and of "the burden of proof" have been fully and substantially given, and a multiplication of charges on these questions could only tend to confusion and uncertainty. Some of the refused charges undoubtedly assert correct propositions of law, but where this is so the same instructions have been given to the jury with only slight change in phraseology. To reverse this case would be contrary to the letter and spirit of Code

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 19 Ala. App. 621.

1907, § 6264, and of rule 45 of the Supreme Court.

There is no error in the record. Let the judgment be affirmed.

Affirmed.